IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Susan McKinney Weigert,                )
                                       )
                Plaintiff,             )
                                       )
        v.                             )   No. 06 C 2082
                                       )
Newly Weds Foods, Inc.,                )
Delaware Corporation,                  )
                                       )
                Defendant.             )

MEMORANDUM ORDER AND OPINION

Newly Weds Foods, Inc. ("Newly Weds") has filed its Answer and Affirmative Defenses ("ADs") to the sexual harassment Complaint brought against it by its employee Susan McKinney Weigert ("Weigert"). This memorandum order is issued sua sponte to require Newly Weds' counsel to return to the drawing board because that response violates some fundamental principles of federal pleading.

For one thing, Answer ¶¶ 5, 7, 12 and 15 state incorrectly that no response is required to the corresponding allegations of the Complaint because each of those Complaint paragraphs "alleges a conclusion of law." That position is just wrong--see App. 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). And as if to compound that error, each of those paragraphs of the Answer goes on to assert a meaningless demand for "strict proof" (in that respect, see App. 1 to State Farm).

More pervasively, all but one of Newly Weds' purported ADs

does violence to the concept embraced by Fed.R.Civ.P. ("Rule") 8(c) and the caselaw dealing with ADs--in that regard, see also App. 5 to State Farm. Here are the problematic aspects of the ADs:

1. AD 1, which is the essential equivalent of a Rule 12(b)(6) motion, it is not really a proper AD. More to the point, AD 1 speaks in terms of what Weigert may not be able to prove, while the proper test for the legal sufficiency of her Complaint is what she has pleaded.

2. Each of ADs 2 through 7 also does not qualify as an AD, though for a different reason: Each is at odds with Weigert's allegations, which must be accepted as true at this point--see particularly Complaint ¶¶ 8-11 and 15.

To avoid the need for a reader to shift back and forth between pleadings to see Newly Weds' total position in this litigation, the entire Answer and ADs are stricken, but with leave of course being granted to file a self-contained Answer (together with the present AD 8, but not ADs 1 through 7) on or before May 15, 2006. And because the errors identified here are plainly those of the lawyer rather than the client, Newly Weds' counsel are ordered to make no charge for the time and expense involved in generating that replacement pleading. Counsel are further ordered to advise Newly Weds to that effect by letter,

accompanied by a copy of this memorandum order, and they are finally directed to transmit a copy of that letter to this Court's chambers (for informational purposes only, not for filing).

                                               */s/ Milton I. Shadur*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:    May 5, 2006

C:\WPTEXT\weigert.wpd